Sheila K. MORSE, Plaintiff— Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.

No. 06–17395.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 29, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

Shea Lita Bond, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and SILVERMAN, Circuit Judges, and SINGLETON,** Senior District Judge.

### MEMORANDUM ***

Sheila Morse appeals the district court's judgment affirming the denial of her application of Social Security disability benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and review de novo the district court's judgment. *See, e.g., Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008). "The Social Security Administration's disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence." *Id.*; *see also* 42 U.S.C. § 405(g). We affirm the district court.

Morse claims that the ALJ erred in not considering her depression. We disagree. The record does not demonstrate that Morse has a medically determinable mental impairment. 20 C.F.R. § 404.1508; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir.2005).

The ALJ did not erroneously disregard evidence from Morse's examining physicians. To the contrary, the ALJ provided "specific and legitimate reasons that are supported by substantial evidence," *Ryan*, 528 F.3d at 1198 (internal quotation marks omitted)—namely, that the opinions were at odds with the doctors' own medical findings and observations, as well as other record evidence. *See* 20 C.F.R. § 404.1527(d)(4); *see, e.g., Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir.1999).

Furthermore, the ALJ's assessment of Morse's credibility was supported by "specific, cogent reasons for the disbelief." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.2006) (internal quotation marks omitted); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir.2007). Although the ALJ did not discuss the husband's testimony about his wife's limitations explicitly, he did reject the gravamen of his testimony—that Morse suffered from "severe pain" and "limitations in standing,

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

walking, sitting, [and] lifting"—because it was inconsistent with the medical evidence. Contrary medical findings are a valid reason for lay testimony to be disregarded. *Lewis v. Apfel,* 236 F.3d 503, 511–12 (9th Cir.2001).

Finally, we reject Morse's argument that the ALJ erroneously found that she could fulfill the demands of her past relevant work. The ALJ appropriately employed the Dictionary of Occupational Titles in arriving at his conclusion, which was supported by substantial evidence. 20 C.F.R. § 404.1560(b)(2); *see* 42 U.S.C. § 405(g); *see, e.g., Ryan,* 528 F.3d at 1198.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.